IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE, DIVISION

| | |
|---|---|
| Darryl Mosiman, ) | |
| ) | |
| Plaintiff, ) | Civil Action |
| ) | |
| v. ) | Case No.: 1:19-cv-216 |
| ) | |
| ) | Judge: |
| ) | |
| C & E Excavating, Inc., and Christian Labor ) | |
| Association, Local 10, ) | |
| Defendants. ) | |

## COMPLAINT

This is an action under the Americans with Disabilities Act, 42 U.S.C.§ 12101 *et seq*. (the "ADA"), against Defendants C & E Excavating, Inc. ("C & E Excavating" or "Company") and Christian Labor Association Local 10 ("CLA") to correct unlawful employment practices on the basis of disability, and to provide appropriate relief to Plaintiff Darryl Mosiman, who was adversely affected by such practices. Mr. Mosiman alleges that Defendants subjected Mr. Mosiman to disability discrimination that effectively left him unemployed, and retaliated against him upon the filing of a grievance over the unlawful employment practices.

## JURISDICTION AND VENUE

1.      Jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706 and Section 707 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 and § 2000e-6.

2.      Venue is proper in the Northern District of Indiana, Fort Wayne Division, under 28 U.S.C. § 1391(b), as Mr. Mosiman's claim arose in this District.

3. On April 11, 2018, Mr. Mosiman filed timely Charges of Discrimination on the basis of disability against Defendants with the Indianapolis District Office of the Equal Employment Opportunity Commission (the "EEOC") (a copy of the Charges are attached as Exhibit A).

4. On February 21, 2019, the EEOC terminated the processing of Mr. Mosiman's Charges and provided him with notices of his right to sue (a copy of those Notices are attached as Exhibit B).

5. The employment practices alleged to be unlawful were committed within the State of Indiana where Defendants do business in the United States.

## PARTIES

6. Plaintiff Darryl Mosiman is a heavy equipment operating engineer who resides in Elkhart, Indiana, within the geographic jurisdiction of this Court.

7. At all times relevant, Mr. Mosiman was employed by C & E Excavating as a heavy equipment operator.

8. Defendant C & E Excavating is a construction industry employer with its principle place of business at 53767 County Road 9, Elkhart, Indiana 46514 within the geographic jurisdiction of this court. At all relevant times, C & E Excavating was doing business in the State of Indiana and had at least fifteen employees.

9. At all times relevant, C & E Excavating was an employer engaged in an industry affecting commerce in Elkhart, Indiana under Section 101(5) of the ADA, 42 U.S.C. §12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

10. At all times relevant, C & E excavating was a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

11. Defendant, Christian Labor Association (CLA) at all times relevant, held itself out as an independent labor organization that represents employees in construction, among other sectors with its principal office located at 405 Centerstone Ct., Zeeland, Michigan 49464. (About Us, CHRISTIAN LABOR ASSOCIATION, http://www.cla-usa.com/ (last visited May 11, 2019).

12. At all times relevant, CLA was a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

13. At all times relevant, C & E Excavating and CLA were parties to a collective bargaining agreement ("CBA") until at least December 31, 2018. Employees covered by the CBA include operators, laborers, truck drivers, mechanics, and similar trades exclusive of office help and superintendents (a copy of the CBA is attached as Exhibit C).

**FACTS**

14. Defendant C & E Excavating hired Mr. Mosiman as a heavy equipment operator in September, 2015, after he provided his resume and a trade school transcript from Allied Career Training, LLC, where he learned how to operate various pieces of heavy construction equipment (Mr. Mosiman's resume and transcript are attached as Exhibit D).

15. At all times relevant Mr. Mosiman worked for C & E Excavating, his primary role was to operate all but two pieces of the Company's heavy equipment with the ability to labor, consistent with the Excavator Class "D" position in the CBA. However, Mr. Mosiman was misclassified by C & E Excavating and paid as an Excavator Class "B," a lower paid classification. (*see* Exhibit C, page 17).

3

16. At no time during Mr. Mosiman's employment with C & E Excavating was his primary role a laborer.

17. At no time during was Mr. Mosiman's employment at C & E Excavating contingent on obtaining a Commercial Drivers License ("CDL").

18. At no time during Mr. Mosiman's employment at C & E Excavating was he correctly paid as an Excavator Class "D."

19. In late 2016, Mr. Mosiman experienced discomfort in his back that did not limit his ability to perform any major life activity.

20. December, 2016, through February, 2017, Mr. Mosiman requested and was approved by C & E Excavating to take additional time off work because work was slow.

21. In February, 2017, while off work, Mr. Mosiman experienced discomfort in his thumbs, and received cortisone injections in March, 2017.

22. The CBA requires C & E Excavating to pay the employee portion of health coverage for thirty days to sixty days, however, C & E Excavating voluntarily paid for Mr. Mosiman's portion of health coverage for approximately five to six months and waived any right to expect reimbursement for any coverage beyond sixty days.

23. On May 30, 2017, Mr. Mosiman was medically released to work with no work restrictions or limitations beginning June 1, 2017; Mr. Mosiman provided the medical release to his superiors at C & E Excavating (the medical release is attached as Exhibit E).

24. Mr. Mosiman provided his medical release with no restrictions or limitations to his superiors at C & E Excavating.

25. On June 6, 2017, C & E Excavating supervisor/scheduler Adam Clark told Mr. Mosiman there were no operator positions for him available at that time.

26. On June 16, 2017, C & E Excavating co-owner/supervisor Jennifer Burgess sent an email to Mr. Mosiman stating (the email is attached as Exhibit F):

> Currently we don't have a position for you. I am guessing that this was discussed with Adam last week when you were in. The only positions we have right now are for hole guys on a pipe crew or drivers. With the back-problem history and now the double wrist history we don't feel the hole guy position is right for you. Without a class A CDL, we cannot have you drive either. If something opens in recycle center or an operator type position, we will certainly let you know. I saw you filed for unemployment benefits, which we will not contest. Between that and the fact that we have covered the expenses of your health and AFLAC coverage for 6 months now - I hope you do not feel that we have done you wrong, etc. I'm sorry these health issues are happening to you right now; we are trying to help you in the ways we are able. I hope you understand.

27. Mr. Mosiman contacted CLA representative Clarence Merrill on June 19, 2017, asking Merrill to file a grievance on his behalf.

28. On at least two more occasions, Mr. Mosiman told Merrill he wanted to file a grievance.  Merrill attempted to thwart Mr. Mosiman's contractual rights to go back to work by discouraging his attempts to file a grievance in a June 28, 2017, email stating (the email is attached as Exhibit G):

> So you want to file a grievance. Based on what? Unlawful termination of employment? There is no violation of a contract Article. Since C&E has under 50 employees, the family leave act does not apply, so there is no obligation to hold your position open. ADA does not apply because you are not claiming a reasonable accommodation for a disability.  If you were hired as a laborer and there was a laborer's position available, then we could argue reasonable accommodation if laboring could aggravate your injuries. . . It is clear they do not want to re-hire you as a laborer and risk potential of re-injury (which could then turn into a Comp case). They are not under obligation to offer a different position. C&E never told me this, but anyone can read between the lines. . . So if you want to pull the trigger and proceed with a grievance, let me know.  I do need to advise that this grievance has the potential to make matters worse for you rather than better.

5

29. On August 21, 2017, Mr. Mosiman inquired as to the status of the grievance.

30. Merrill waited until August 25, 2017, to file Mr. Mosiman's grievance to seek reinstatement to his primary position of operating heavy equipment for which he was always misclassified. However, Merrill refiled the grievance on September 7, 2017 (the Step 1 Grievance Form is attached as Exhibit H).

31. On September 20, 2017, Mr. Mosiman's grievance was moved to Step 2. The Company responded on October 4, 2017, by retaliating against Mr. Mosiman for filing the grievance by intentionally withholding from him one paid vacation day that he earned until he reimbursed C & E Excavating for his portion of health coverage that the Company voluntarily covered and for which it did not expect reimbursement (the Step 2 Grievance Form is attached as Exhibit I).

32. On November 1, 2017, Mr. Mosiman received a letter from CLA signed by Merrill stating the CLA would be withdrawing the grievance and there was no tangible benefit to be gained by arbitrating the grievance.

## STATEMENT OF CLAIMS

### Defendants Violated the Americans with Disabilities Act

33. The ADA prohibits employment discrimination by employers and labor organizations against "a qualified individual on the basis of disability" with regard to "the hiring, advancement, or discharge of employees … and other terms, conditions, and privileges of employment. 42 U.S.C. § 12112(a).

34. Mr. Mosiman was an individual with a disability within the meaning of the ADA at all times relevant to this lawsuit.

35. Defendants regarded Mr. Mosiman as disabled within the meaning of the ADA.

36. Mr. Mosiman was a qualified individual under the ADA because he could perform his essential job functions with or without reasonable accommodation. 42 U.S.C. § 12111(8).

37. C & E Excavating was a covered employer under the ADA, as it employed more than fifteen employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. *Id.* § 12111(5).

38. CLA was a covered labor organization under the ADA at all times relevant to this Complaint.

39. Defendant C & E Excavating discriminated against Mr. Mosiman on the basis of his disability by laying off and effectively terminating his employment on the basis of his disability.

40. Defendant C & E Excavating discriminated against Mr. Mosiman on the basis of his disability by failing to provide reasonable accommodations to Mr. Mosiman.

41. Defendants discriminated against Mr. Mosiman on the basis of his disability by failing to engage in an interactive process to consider possible reasonable accommodations for Mr. Mosiman to perform his essential job functions operating heavy equipment.

42. Defendant C & E Excavating unlawfully retaliated against Mr. Mosiman for filing the September 7, 2017, grievance.

43. Defendants' actions were intentional, willful, and in reckless disregard of Mr. Mosiman's rights under the ADA.

44. Mr. Mosiman has suffered damages as a result of Defendants' unlawful actions.

## **JURY TRIAL**

Mr. Mosiman demands a jury trial as to all issues triable by jury.

WHEREFORE, Plaintiff respectfully requests that the Court grant him the following relief:

A. Issue an order in his favor and against Defendants C & E Excavating and CLA finding that they discriminated against Mr. Mosiman in violation of Title I of the ADA;

B. Issue an order enjoining Defendants to undergo periodic ADA and FMLA training;

C. Award him back pay and benefits owed to make Mr. Mosiman whole;

D. Award him payment of interest on all back pay recoverable;

E. Award him compensatory and punitive damages;

F. Award him attorneys' fees and costs;

G. Award him any other relief that the Court deems just and proper.

Dated:  May 16, 2019                               Respectfully submitted,


                                                   By:   s/ James Connolly, Jr.
                                                         One of the Attorneys for Plaintiff

Dale D. Pierson
*(dpierson@local150.org)*
James Connolly, Jr.
*(jconnolly@local150.org)*
Melinda S. Hensel
*(mhensel@local150.org)*
Local 150 Legal Dept.
6140 Joliet Road
Countryside, Illinois 60525
Ph: (708) 579-6663
Fx: (708) 588-1647